# EXHIBIT 19

CONFIDENTIAL
FOR SETTLEMENT PURPOSES ONLY

Agreement dated as of May $\underline{31}$, 2008 between Marvel Characters, Inc., a Delaware corporation, Marvel Entertainment, Inc., a Delaware corporation (collectively "Marvel"), and Gene Colan ("Colan").

WHEREAS, Colan has rendered creative services for Marvel and/or its predecessors in interest or assigns, beginning in approximately 1946;

In particular, Colan contributed to Daredevil, Tomb of Dracula, Captain America, Iron Man and many other Marvel series and created or contributed to the creation of certain works that were published by Marvel (the "Materials");

WHEREAS, in recognition of Colan's many and valuable contributions to Marvel and in exchange for the representations made in this Agreement, Marvel wishes to make a cash payment to Colan in the amount of ▓▓▓▓▓;

WHEREAS, Marvel and Colan wish to confirm that the Materials were created as works made for hire under section 26 of the Copyright Act of 1909, as amended, and the Copyright Act of 1976, as amended;

WHEREAS, Marvel is supporting several activities in connection with the Hero Initiative to increase public recognition of Colan's contributions to Marvel and to raise funds to benefit Colan, including but not limited to creating limited edition prints and posters of Colan's work for Marvel; and

WHEREAS, Marvel and Colan desire to resolve any possible disputes between them arising out of Colan's work for Marvel, his creation or contribution to the Materials, or for any other obligation of Marvel to Colan;

Accordingly, Marvel and Colan agree to the terms and conditions set forth below:

{00056011 EB}

Colan's Acknowledgment

1.      Colan acknowledges that Marvel is the sole and exclusive owner of all rights, title

        and interest in and to the Materials, and all characters embodied in the Materials,

        including but not limited to all Character Rights, "Character Rights" means

        without limitation, the rights to the name, depiction, distinctive likeness, costume,

        characteristics, concepts, any pictorial and/or written graphics, and other intellectual,

        literary, moral, and property rights and goodwill relating or referring to the

        character.

2.      Marvel Payment

        Marvel will make a cash payment to Colan, simultaneously with the execution of

this agreement, in the amount of▮▮▮▮▮ ("Marvel Payment").

3.      No Other Right or Interest

        Other than the Marvel Payment, Colan acknowledges that he has no right, benefit,

title or interest in or to the Materials or any character, or Character Rights.

4.      Confidentiality

        Colan agrees to maintain the communications and negotiation as well as the terms

of this Agreement strictly confidential and not to disclose or reveal their contents to any

person except his accountant, family or legal representatives who are actively and

directly participating in the review of such information on his behalf and to insure that

such persons observe the terms of this Agreement as if they were a party in Colan's place

and not to use such Confidential Materials for any purpose other than in connection with

the enforcement of the terms of this Agreement. If disclosure of Confidential Materials is

{00056011 EB}                              - 2 -

CONFIDENTIAL

Confidential

sought by legal process, Colan will provide Marvel with immediate notice to enable Marvel to seek a protective order or other remedy.

5.    Copyright Assignment

Should any aspect or component of the Materials, or the contribution made thereto by Colan ever be determined not to constitute a work made for hire within the meaning of section 26 of the Copyright Act of 1909, as amended, or the Copyright Act of 1976, as amended, Colan hereby grants to Marvel all of his right, title and interest in and to the copyrights covering the Materials, and irrevocably appoints Marvel as his attorney-in-fact for the execution of any documents necessary to effectuate such an assignment, and at Marvel's request will promptly execute an instrument in a form to be provided by Marvel.

CONFIDENTIAL

MARVEL0013409

Confidential

2021MARVEL-0022745

6.    Marvel's Rights

Colan acknowledges that Marvel shall have the right to (a) sell or assign any

Materials embodying any contribution of Colan and any revenue derived by Marvel

pursuant to such sale or assignment shall be entirely for Marvel's benefit with no monies

owed to Colan, (b) enter into settlements in regard to any litigation or threatened

litigation concerning the Materials, and (c) maintain any suit or proceeding for the

collection of money or for infringement of Marvel's intellectual property rights, as it may

consider in its sole and absolute discretion.

7.    Rights and Remedies

The rights and remedies of Colan in the event of a breach of Marvel's obligations

hereunder shall be limited to Colan's right to damages, if any, in an action at law, and

subject to the provisions of section 9. In no event shall Colan be entitled, and Colan

expressly waives and relinquishes any right he might have had to seek rescission of this

Agreement or any rights granted to Marvel herein.

CONFIDENTIAL                                                                    MARVEL0013410

Confidential                                                                    2021MARVEL-0022746

8.    Mutual Release

Except for the obligations of Marvel and Colan hereunder, which shall survive, and the obligations of Marvel and Colan under the work for hire agreement between Colan and Marvel dated June 10, 1978, April 24, 2008, and any other prior written agreements between the parties, Marvel and Colan hereby release and discharge one another and each of their directors, officers, employees, agents, affiliates and their successors and assigns from all actions, causes of action, suits, debts, sums of money, accounts, covenants, contracts, controversies, agreements, promises, damages, claims and demands whatsoever, in law, admiralty or equity, which against one another, either one, either one's successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of time to the date of this Agreement.

9.    General

(a) Authority.  Marvel represents that it has all requisite corporate power and authority to enter into this Agreement and to perform its obligations hereunder.  Colan represents that he is fully empowered to enter into this Agreement and to perform the obligations hereunder and has never granted or purported to grant any rights in or to, assigned or made any commitments concerning the Materials.

(b) Cooperation.  Colan shall deliver or cause to be delivered to Marvel at such times and places as shall be reasonably agreed, such additional instruments as Marvel may reasonably request for the purpose of carrying out this Agreement.

CONFIDENTIAL

MARVEL0013411

Confidential

2021MARVEL-0022747

(c) Publicity. Marvel, its parents, subsidiaries, affiliates, licensees or agents, shall have the right, but not the obligation, to use Colan's name, biography and likeness for the purpose of publicizing or advertising the Materials.

(d) Successors and Assigns. This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors and permitted assigns for the duration of the Term.

(e) Integration. This Agreement (which includes any exhibits and any documents executed and delivered in connection therewith) sets forth the entire understanding of the parties with respect to the transactions contemplated herein. Any and all previous agreements and understandings between or among the parties regarding the subject matter hereof, except those specifically recited herein, whether written or oral, are superseded by this Agreement.

(f) Counterparts. This Agreement may be executed in counterparts and either party hereto may execute a counterpart, each of which when executed and delivered shall be deemed to be an original and both of which counterparts taken together shall constitute but one and the same instrument. This Agreement shall become binding when one or more counterparts taken together shall have been executed and delivered (which deliveries may be by fax or email) by the parties.

(g) Notices. Any notice, request, claim, demand, waiver, consent, approval or other communication which is required or permitted hereunder shall be in writing and shall be deemed given if delivered personally, sent by registered or certified mail

{00056011 EB}                               - 6 -

CONFIDENTIAL

MARVEL0013412

Confidential

2021MARVEL-0022748

(postage prepaid, return receipt requested), or by nationally recognized overnight courier

service, as follows:

> If to Marvel to:
> Marvel Entertainment, Inc.
> 417 Fifth Avenue, 11th Floor
> New York, New York 10016
> Attention: Legal Department
>
> with a required copy to:
>
> Marvel Characters, Inc.
> 10474 Santa Monica Boulevard, Suite 206
> Los Angeles, California 90025
> Attention: Legal Department
>
> If to Colan to:
>
> Gene Colan
> Address:
>
> with a required copy to:
>
> Mr. Clifford Meth
> 179-9 Rt. 46 West
> Box 252
> Rockaway, New Jersey 07866

Such notice, request, claim, denial, waiver, consent, approval or other communication

shall be deemed to have been given as of the date so delivered, mailed or dispatched and,

if given by any other means, shall be deemed given only when actually received by the

addressees.

{00056011 EB}                           - 7 -

CONFIDENTIAL                                                         MARVEL0013413

Confidential                                                            2021MARVEL-0022749

(h) Governing Law. This Agreement shall be governed by and construed, interpreted and enforced in accordance with, the laws of the State of New York (without regard to its laws relating to choice of law or conflicts of law).

(i) Forum Selection; Jury Trial Waiver. The parties hereto agree to submit to the exclusive jurisdiction of the state and federal courts sitting in New York County for any action arising under this Agreement brought by either party. THE PARTIES HERETO HEREBY WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS AGREEMENT.

(j) Severability. If any provision of this Agreement is held to be illegal, invalid or unenforceable under present or future laws, such provision will be fully severable. This Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never been a part of this Agreement and shall not be affected by the illegal, invalid or unenforceable provision or by its severance from this Agreement. In lieu of such illegal, invalid or unenforceable provision, there will be added automatically as a part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and be legal, valid and enforceable.

(k) Mutual Drafting. This Agreement is the mutual product of the parties hereto, and each provision hereof has been subject to the mutual consideration, negotiation and agreement of each of the parties.

{00056011 EB}                              - 8 -

CONFIDENTIAL

Confidential

(l)  Amendment; Waiver.  This Agreement may be amended by the parties hereto at any time only by execution of an instrument in writing signed by each of the parties hereto, or their lawful agent(s).  Any extension or waiver by any party of any provision hereto shall be valid only if set forth in an instrument in writing signed by such party.

(m) Parties Represented by Counsel.  Colan and Marvel acknowledge and represent that they have been represented by separate and independent legal counsel in connection with the transactions contemplated by this Agreement, with the opportunity to seek advice as to their respective legal rights from such counsel.

(n) Headings.  The headings and captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement.

IN WITNESS WHEREOF the parties hereto have executed this agreement as of the day and year first above written.

MARVEL CHARACTERS, INC.

By:_____

**ISAAC PERLMUTTER**
**Authorized Representative**

MAY 3 1 2008

MARVEL ENTERPRISES, INC.

By:_____
John Turitzin

Executive Vice President

{00056011 EB}                              - 9 -

CONFIDENTIAL

Confidential

STATE OF NEW YORK

COUNTY OF NEW YORK

GENE COLAN

_Gene Colan_

Gene Colan

Sworn to and subscribed before me
this 29 day of May, 2008.

_Nancy Eder_

Notary Public

NANCY D. EDER
Notary Public, State of New York
No. 01ED6171837
Qualified in Nassau County
Commission Expires July 30, 2011

{00056011 EB}                                    - 10 -

CONFIDENTIAL

MARVEL0013416

Confidential

2021MARVEL-0022752